| | | | |
|---|---|---|---|
| | AUSA: DePorre | Telephone: (810) 766-5177 | |
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: Gatza, ATF | Telephone: (810) 341-5710 | |

# UNITED STATES DISTRICT COURT
for the
Eastern District of Michigan

United States of America
   v.
Jaylan Amir Griggs,

Case: 4:26-mj-30034
Judge: Ivy, Curtis
Filed: 01-21-2026

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 17, 2026__ in the county of __Genesee__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g) | Felon in possession of a firearm |

This criminal complaint is based on these facts:

There is probable cause that on or about January 17, 2026, in the Eastern District of Michigan, Jaylan Amir Griggs, having been previous convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm in violation of 18 United States Code, Section 922(g)(1).

☑ Continued on the attached sheet.

*Complainant's signature*

Barry Gatza, Special Agent, ATF
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: January 21, 2026

*Judge's signature*

City and state: Flint, MI

Curtis Ivy, Jr., United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Special Agent Barry Gatza, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION & AGENT BACKGROUND

1. I make this affidavit from personal knowledge based on the following: my participation in this investigation, including witnessing interviews by myself and/or other law enforcement officers, communications with others who have personal knowledge of the events and circumstances described herein, and information gathered through my training and experience. The information outlined below is for the limited purpose of obtaining a criminal complaint and an arrest warrant. I have not set forth each and every fact I have learned in this investigation.

2. I have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, United States Department of Justice, assigned to the Detroit Field Division since July 2020. I graduated from the Criminal Investigator Training Program and the ATF Special Agent Basic Training Program at the Federal Law Enforcement Training Center in Glynco, Georgia. During my employment with ATF, I have conducted and/or participated in numerous criminal investigations involving the possession and use of firearms, drug trafficking violations, criminal street gangs and other violations of federal law.

## PURPOSE OF AFFIDAVIT

3. The purpose of this affidavit is to establish probable cause that on January 17, 2026, in the Eastern District of Michigan, Jaylan Amir Griggs (DOB: XX/XX/2002), possessed a firearm as a previously convicted felon in violation of 18 U.S.C. § 922(g)(1).

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause for a criminal complaint, I have not included each and every fact known to me concerning this investigation. I have set forth facts that I believe are necessary to establish probable cause of violations of federal criminal offense, specifically 18 U.S.C. § 922(g)(1).

## PROBABLE CAUSE

5. On January 17, 2026, Troopers with the Michigan State Police (MSP) in a fully-marked patrol vehicle, observed a Ford Focus sedan traveling northbound on Dupont Street with a defective license plate light. The vehicle turned onto Rankin Street, and the Troopers followed it. While following the sedan, the Troopers observed the vehicle make a left-hand turn on southbound Mt. Elliot Ave, failing to signal the left-hand turn. The Troopers then activated their overhead lights and conducted a traffic stop of a vehicle on Mt. Elliot Ave, north of Dayton Street, in Flint, in the Eastern District of Michigan.

6. Once the vehicle came to a stop, one Trooper approached the driver's side of the vehicle and one Trooper approached the passenger side. There were 3 individuals inside the vehicle and the front passenger was later identified as being Jaylan Griggs. After making contact with the front passenger, the Trooper that was standing on the passenger's side, observed an AR-15 style pistol protruding from underneath Griggs' seat. The occupants were asked by the Troopers if anyone had a CPL, also known as a Concealed Pistol License, and no one in the vehicle responded they did. The Trooper on the passenger's side of the vehicle asked Griggs to exit the vehicle. Griggs complied with the order and was secured in handcuffs. Griggs was positively identified with his Michigan Identification Card.

7. While Griggs was handcuffed and prior to being read his Miranda Warning, Griggs made unsolicited statement that the gun was his. Griggs added that he had a full extradition warrant from out of state.

8. Upon removing the firearm from under Griggs seat, the Trooper removed the magazine out of the firearm. The magazine contained nineteen (19) live rounds of .223 caliber ammunition. The firearm was found to be a Ruger, model: AR556, .233 caliber, semi-automatic pistol, bearing serial number 85820046. The firearm's information was queried through the Law Enforcement Information Network (LEIN). LEIN advised the firearm was not reported stolen and was not registered. The firearm and ammunition were then secured in a patrol vehicle.

9.   Griggs was then placed in the rear seat of a MSP patrol vehicle. While seated in the patrol vehicle, a MSP Trooper read Griggs his Miranda Rights. Griggs advised he understood his rights and agreed to speak to the Troopers. During the interview, Griggs advised the firearm that was found under his seat was his and that he wasn't trying to hurt anyone with it. Griggs agreed that he had the firearm for protection and added that he does not have a CPL. The Trooper asked him if he was a convicted felon. Griggs replied that the firearm was his and added that he knew he was not supposed to have a gun. The Trooper again asked Griggs if he had ever been convicted of a felony. Griggs repeated that the gun was his and that's all he knew. Griggs also added that he knew full extradition probation warrant for theft out of the State of Georgia. The interview then ended. Griggs was then transported to the Genesee County Jail where he was lodged.

10.   On January 20, 2026, I reviewed a Computerized Criminal History (CCH) of Griggs which revealed he has been convicted of at least one felony offense that are punishable by more than one year in jail. As a result, he is not legally permitted to possess firearms under federal or state law. Specifically, Griggs has the following felony convictions:

- <u>State of Georgia Felony Convictions:</u>

    2024 – Theft by Shoplifting – in the Columbia County Superior Court. The court sentenced Griggs to 18 months of confinement and

6 years and 6 months of probation. Griggs also was convicted of Theft by Taking (felony) for the same incident and was sentenced to 4 years of probation to be served consecutive with the other criminal charge. It appears that Griggs is currently on probation.

- State of Indiana Felony Convictions:

    2023 – Felony - Theft – Convicted by the Marion Superior Court (Indiana). The court sentenced Griggs to 365 days of jail (8 days served, credit for 16 days, 349 days suspended) and 349 days of probation. Griggs violated his probation in 2025 and was sentenced to 180 days.

- State of Ohio Felony Convictions:

    2023 – Felony – Receiving Stolen Property – Convicted by the Common Pleas Court Cleveland. The court sentenced Griggs to 31 days of community control and 31 days of probation.

11. I contacted Interstate Nexus Expert ATF Special Agent Kyle McGraw. SA McGraw advised, based upon the description provided, the Ruger, model: AR556, semi-automatic pistol, was a firearm as defined under 18 U.S.C. § 921 and was manufactured outside of the state of Michigan after 1898, and therefore the firearm had traveled in and affected interstate commerce.

## **CONCLUSION**

12. Based upon the above information, probable cause exists to believe that on January 17, 2026, in the Eastern District of Michigan, Jaylan Amir Griggs, possessed a firearm as a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1).

_____
Special Agent Barry Gatza
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Subscribed and sworn before me or by reliable electronic means on this 21st day of January, 2026.

_____
Hon. Curtis Ivy, Jr.
United States Magistrate Judge